UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

"IN ADMIRALTY"

KATHLEEN RICHARDVILLE,

CASE NO.:

Plaintiff,

v.

CARNIVAL CORPORATION, individually and d/b/a CARNIVAL CRUISE LINES, INC., a foreign corporation,

Defendant.
_______________________________________/

**COMPLAINT**

COMES NOW the Plaintiff, KATHLEEN RICHARDVILLE, by and through the undersigned counsel, and hereby files this Complaint against the Defendant, CARNIVAL CORPORATION, individually and d/b/a CARNIVAL CRUISE LINES, INC., for damages based upon negligence, and in support thereof states the following:

**JURISDICTION & VENUE**

1. This Court has original jurisdiction over claims in Admiralty pursuant to 28 U.S.C. § 1333.
2. Venue is proper in The United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(c), given that the Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, INC., (hereinafter "CARNIVAL"), has sufficient contacts within the Judicial District to avail itself to the personal jurisdiction of this District.

## PARTIES

3. Plaintiff, KATHLEEN RICHARDVILLE, is a natural person and resident of Orlando, Florida, at all times material, and is otherwise *sui juris*.
4. At all times material hereto and upon information and belief, Defendant, CARNIVAL, was and is a foreign corporation, authorized to transact business within the State of Florida, with its principal office and registered agent in Miami, Florida.
5. At all times material hereto and upon information and belief the Defendant, CARNIVAL, was the owner and operator of the vessel and the tackle and equipment thereon, which are collectively referred to as “CARNIVAL ECTASY”.

## FACTS

6. On or about May 20, 2015, the Plaintiff boarded the Defendant’s, vessel *CARNIVAL ECSTASY*, for a round-trip voyage from Tampa, Florida.
7. On or about May 20, 2015, and at all times material hereto the Plaintiff was a passenger aboard the Defendant’s vessel *CARNIVAL ECSTASY*.
8. On or about May 20, 2015, the *CARNIVAL ECSTASY* was underway, KATHLEEN RICHARDVILLE was using the ladder and climbing down from the top bunk in her assigned cabin, the railing failed on the side of the Defendant’s bunk bed.
9. The failure of Defendant’s railing caused the Plaintiff to fall from a substantial height and land on the floor below.
10. The failure of the railing caused the Plaintiff to fall and suffer severe bodily injuries to her left knee, suffer back fractures, left leg, and left foot, among others.

11. Upon information and belief, the failure or collapse of the railing on which the Plaintiff was using was caused by the railing being broken or in a state of material disrepair prior to the Plaintiff using it.
12. At no time prior to the Plaintiff using the railing did the Plaintiff become aware of any part or piece of the railing being broken or otherwise in a state of material disrepair.
13. At no time prior to the Plaintiff using the railing did any of the Defendant's, CARNIVAL, employees, agents, or contractors warn the Plaintiff of the dangerous condition of the railing.

**COUNT I : NEGLIGENCE**

14. Plaintiff re-alleges and incorporates paragraphs three (3) through thirteen (13) above as though fully set forth herein.
15. At all times material hereto, while the Plaintiff was aboard the Defendant's, CARNIVAL, vessel, *CARNIVAL ECSTASY*, she was a passenger and business invitee of the Defendant.
16. At all times material hereto, while the Plaintiff was a passenger aboard the Defendant's vessel, *CARNIVAL ECSTASY*, the Defendant, CARNIVAL, owed her a duty to use reasonable care under the circumstances to keep and maintain its vessel and premises thereon, including the subject bunk bed and railing, in a reasonably safe condition for use by its passengers and business invitees. The Defendant, CARNIVAL, also had the duty to inspect its vessel and premises thereon, including the subject railing, to discover any unreasonably dangerous

conditions. Finally, the Defendant, CARNIVAL, had the further duty to not create, or allow to exist, a dangerous condition on the subject vessel, and, if such a condition existed, to give notice or warning of such condition.

17. The Defendant, CARNIVAL, breached the duties it owed to the Plaintiff, in creating and allowing a dangerous condition to exist; to wit that prior to failure or collapse of the subject railing, the Defendant, failed to inspect its vessel, CARNIVAL ECSTASY, and it's premises thereon, including the subject railing, and allowed the subject railing to become and remain broken or in a state of material disrepair for an unreasonable period of time after the Defendant either knew, or should have known that the subject railing was broken or in a state of material disrepair.

18. The Defendant, CARNIVAL, further breached its duty to warn the Plaintiff of the dangerous condition of the subject railing, in that: at the time of the incident there were no signs nor any other means conveying such a warning to the Plaintiff within the reasonably immediate vicinity of any danger with the railing or use of the railing where the incident occurred.

19. As a direct and proximate result of the Defendant's breach of its duty to the Plaintiff, the Plaintiff fell to the hard floor below from a substantial height, and struck her back, side, and leg on the floor, which caused her to be injured about her back, side and leg, and caused her to experience and sustain damages in the forms of pain, suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment, and loss of enjoyment of life, and the loss of the ability to earn money, all of which are either permanent

or continuing in nature, and the Plaintiff will suffer these losses and impairments in the future.

WHEREFORE, the Plaintiff, KATHLEEN RICHARDVILLE, requests this Court enter an Order granting him judgment against the Defendant, CARNIVAL, and further grant him damages for his injuries caused by the Defendant's negligence, and any other relief as this Court may deem appropriate.

Date: March 16, 2016

Respectfully Submitted

*/s/FRANK D. BUTLER*

Frank D. Butler, Esq.
FBN: 940585
FRANK D. BUTLER, P.A.
10550 U.S. Hwy 19 North
Pinellas Park, FL 33782
(727)399-2222 tel
(727)399-2202 fax
fdblawfirm@aol.com
Attorney for Plaintiff